Judge Ewing
delivered the Opinion of the Court.
Bohannon filed his bill against Pace and Rowland, asserting his preemptive right to a quarter section of land on the west of the Tennessee river, claiming under a purchase from Shearing, who was a settler on the quarter at and anterior to the passage of the act of the 20th of February, 1'835, (Sess. Acts of 1834, 182.)
The defendants answer,. controverting his right, and relying upon the statute of frauds and perjuries; and his bill was dismissed.
The only question involved in the case, that has not been settled in the cases of Johnson vs. Gresham, and Burgess vs. Tipton, decided at the last term, [5 Dana, 542, 540,] and Harrison vs. Woodruff, just decided, is the plea of the statute relied on- in- the defendants’ answer.
This statute was made for the protection and security of vendors, and those claiming under them, and not for adversary claimants. It provides, that “ no action shall be brought to charge any person, upon any contract, for the sale of lands, tenements, or hereditaments,” unless the contract shall be in writing.
The person charged upon such contract, may object to its enforcement. But if he confess the contract, and be willing to abide by its terms, no other has a right to object.
Shearing, who sold to the complainant, if brought before the Court, might affirm his contract, or raise no objection to its enforcement. Pace and Rowland, claiming adversely to the complainant’s claim, have no right to object, provided the final decree secures them against a reinvestigation of the same matter.
But as the sale of Shearing was of a mere equity,not made assignable by law, he was a proper party, and should have *195 been brought before the Court, as well to enable him to resist the equity of the complainant, if he desire it, as to render conclusive, between the 'parties, the final decree in the case.
As, therefore, there seems to be merits in the complainant’s claim, the Court erred in dismissing his bill absolutely. We do not deem it necessary for the settler to continue on the land after his equity accrues.— The statute makes no such requisition. He had the preemptive privilege, for nine months, conferred upon him by the act, if he was-a settler on the land, with an improvement, at its passage.
The decree of the Circuit Court is reversed, and cause remanded, that time may be allowed the complainant to make Shearing a party, and bring him before the Court. Each party to pay their own costs in this Court.