Scott, J.
There is no evidence in this case tending to impeach the good faith of the parties in the contract of purchase, under which the premises in controversy were conveyed to the defendant in error. That contract, however,, was by parol only; and the plaintiff in error claims that it can therefore have no effect as against the lien of her judgment, which attached before the execution of the conveyance. Conceding, as we do, that there was in this case no such change of possession as would take the case out of the operation of the statute of frauds, it is clear that the mere payment of a portion of the purchase-money would not have enabled the plaintiff in error to enforce in equity a specific performance of such parol contract. The statute of frauds, if pleaded by the vendor, would be a sufficient answer to such a claim. Rut here, the parol contract has been fully executed by the vendor, and the statute is set up to invalidate the contract, by a judgment creditor, who became such after the date of the contract, and after a part payment., of the purchase-money. The statute does not make parol contracts for the sale of land absolutely void. By withholding a right of action upon them, it simply makes them voidable at the will of either of the pai’ties. But neither party-can be compelled to ignore the considerations of equity, of good faith, and of moral obligation which may arise from such parol contract, and to avoid it by pleading the statute of frauds. Minns v. Morse and others, 15 Ohio, 568; 5 J. J. Marsh. 380; 6 Dana, 194.
The case of Hunter and others v. Bales, 24 Ind. R. 299, is cited as maintaining a contrary doctrine; but the decision in that case is simply this : That a vendor may elect to treat a verbal contract for the sale of his land as void; and that he *75 makes suck election whenever he makes a valid agreement for its sale in the face of such prior verbal contract. This is not in conflict with the principle we have stated.
But another question equally important arises in this case. The plaintiff in error recovered her judgment against the vendor in this case at a term of the court which began on the 15th day of February, 1864. Though this judgment was not in fact entered till the 6th day of April, yet by the provisions of the statute it became a lien upon the lands and tenements of the vendor, within the county, from the first day of the term. Code, sec. 421. The legal title to the premises remained in the vendor, and the most of the purchase-money remained unpaid, till March 11th, 1864; when, with full knowledge of the pendency of the suit against her vendor,, the defendant in error paid the residue of the purchase-money, amounting to $850, and received a conveyance of the premises. Now it is claimed on behalf of the plaintiff in error, that to the extent of the purchase-money remaining, unpaid on the first day of the term, her judgment became a valid lien upon the lands in question; and that defendant in error has no equitable right to the discharge of such lien, and the quieting of her title, without accounting to the judgment creditor for this residue of the purchase-money. And this claim, we think, rests upon sound principles, and is well supported by authority. “The principle upon which relief is afforded to purchasers, when the legal title remains in the-vendor, and the land is consequently at law subject to execution upon judgments against the latter, seems to be, that the-purchaser has as good an equity as the judgment creditor, and prior in point of time, having honestly paid his money before the land became subject to the judgment lien. But this principle presupposes that the land is subject to execution and to the lien of judgments against the vendor, and it is manifest that the purchaser has no such prior equity if the purchase-money was not paid before the lien of the judgment attached.” Smith, J., in Simpson v. Niles, Smith’s (Indiana) Reports, 104. So in Fasholt v. Feed, 16 Serg. & R. 266, it was held that a judgment against one who has articled to sell, *76 but made no deed, nor received tbe whole of the purchase-money, is a lien on the vendor’s interest, and a purchaser, under a sheriff, of such interest will stand in the place of the vendor and be entitled to tbe money due from the purchaser
The case of Minns v. Morse and others, 15 Ohio, 568, is not in conflict with this doctrine; for in that case no part of the purchase-money remained unpaid at the date of the judgment under which the premises were taken in execution and sold; and the judgment debtors were therefore held to be mere naked trustees of the legal title. But where, as in this case, the judgment debtor, at the date of the judgment, holds not merely the legal title, but has the right to retain such title till the purchase-money be paid, this is a beneficial interest accompanying the legal title, and which will pass to the purchaser in execution under such j udgment. The defendant in error was under no obligation to pay to her vendor the remainder of the purchase-money during the term of court at which she knew judgment might be rendered against him. She might have required indemnity against the lien of such judgment, or retained the unpaid purchase-money for its extinguishment. Its voluntary payment during the term gave her, as we think, no equity as against the judgment creditor. ’ It follows that the district court erred in decreeing to the plaintiff below the relief prayed for in her petition, and in overruling the motion of plaintiff in error for a new trial, and its judgment is therefore reversed.
Brinkeehorf, C.J., and Welch, White, and Day, JJ., concurred.