## WALTER E. BROWNING *vs.* ALMOND PARKER.

A. hired B. as a workman, and, at the time of hiring, made a verbal promise to C., a storekeeper, to be responsible for B.'s purchases up to the amount of wages due B. One of B.'s creditors sued B. and garnished A. After garnishment A. paid to C., pursuant to the above agreement, the amount due to B.

*Held*, that A. was not liable as garnishee. The statute of frauds does not forbid the voluntary performance of a contract within its provisions, but gives a defence to the person to be charged, which he may adopt or waive.

*Held*, further, that the verbal promise of A. to C. was not an assignment of B.'s wages within the Rhode Island Statute relative to assignments of future wages.

EXCEPTIONS to the Court of Common Pleas.

*Providence, November* 22, 1890. STINESS, J. The plaintiff in this case excepts to the ruling of the Court of Common Pleas discharging the garnishee. It appears by the affidavits that the de-

fendant was employed by the garnishee, and at the time of the service of the writ there was due to him for labor the sum of $44.59; that when the defendant was hired, Orsemus Edwards, a storekeeper, refused to sell goods to Parker, unless the garnishee would be responsible for the bills; whereupon the latter promised to be so responsible, to the amount of the wages due the defendant, less his own claims for house rent, etc.; and that said agreement was in force at the time the writ was served. After the attachment, the garnishee paid over said balance due the defendant, to Edwards, for goods delivered under the above agreement. The plaintiff contends that the defendant was primarily liable for the store account; consequently the garnishee's promise, being purely collateral and verbal, created no liability; also, that the arrangement set forth amounted to an assignment of future earnings, which, under Pub. Laws R. I. cap. 458 of May 29, 1884, is invalid, unless in writing, and recorded.

Under the statute of frauds, no action can be maintained upon a collateral parol promise to answer for the debt of another; yet the promise is not for that reason a void promise. In some States the terms of the statute of 29 Charles II. have been modified, and a promise within the statute is declared to be void. But such a promise being good at common law, the statute, as generally adopted in this country, upon grounds of public policy and private protection, applies only to the remedy, or proof of the contract, when its protection is sought. It does not forbid the voluntary execution of a contract within its provisions, hence it has been held that when one charged upon such a contract confesses it, and is willing to abide by its terms, no other has the right to object. *Bohanon* v. *Pace*, 6 Dana, 194; *Houser* v. *Lamont*, 55 Pa. St. 311. The statute is thus held to give a defence to the person sought to be charged, which he may avail himself of or not, as he sees fit. But although this right may be clear when the promise affects only one who is to be charged in his own affairs, yet it is urged that a garnishee has no right to avail himself of such a privilege, and thus to allow a charge which could not be enforced under the statute. In *Cahill* v. *Bigelow*, 18 Pick. 369, it is held otherwise, upon the ground that whatever a guarantor pays upon a verbal guaranty, given at the request of the debtor and for his

benefit; must be deemed to be paid on his request and account; and, being chargeable to him, it must go to discharge the debt due from the guarantor to the debtor. In that case the payment had not been made, but the affidavit was held to be an election by the trustee not to avail himself of the statute of frauds to avoid his parol undertaking. To the same effect is *Godden* v. *Pierson*, 42 Ala. 370. In this case, like the case at bar, the payment was made after the garnishment. See, also, Browne on the Statute of Frauds, § 135.

The plaintiff further claims that the facts here set forth amount to an assignment of future earnings, which is invalid, because not in writing and recorded. We do not think so. There has been no assignment, but a promise, on the faith of which a third party has given credit and parted with his property. This promise, made with the assent, and for the benefit, of the debtor, gives the guarantor a right to pay the debt, and to hold the debtor for the amount paid on his account. *Beal* v. *Brown*, 13 Allen, 114; *Ames* v. *Jackson*, 115 Mass. 508. It is not, therefore, within the statute relating to assignments. If such an arrangement be liable to the same objection and abuse as unrecorded assignments, it is not for a court on that account to extend the statute, and to declare a promise void which was good at common law, and which is supported by moral obligation.

*Exceptions overruled.*

*Albert B. Crafts*, for plaintiff.
*Charles Perrin*, for garnishee.