## Karr's Adm'r v. Harmon.

(Decided May 3, 1938.)

WELLS & WILSON for appellant.

CHARLES FERGUSON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

On May 5, 1930, by order and judgment of the Livingston county court, J. H. Harmon was granted a franchise to operate a ferry from Carrsville in that county across the Ohio river to Rosiclare, Ill. Robert E. L. Karr intervened in the proceedings, and filed written objection to the granting of the ferry franchise to Harmon. The order establishing the ferry and granting the franchise to Harmon recited:

"It appearing to the court that the applicant, J. H. Harmon has secured from his wife, Mrs. J. H. Harmon, the right to use sufficiency of her lands for said ferry purposes on the Kentucky side of the river."

No appeal was prosecuted from the order granting the ferry franchise to Harmon.

In August, 1931, J. H. Harmon, instituted an equitable action in which he was joined by his wife, Ellen Harmon, against Robert (E. L.) Karr, and in their petition, after setting up the granting of the franchise to J. H. Harmon, alleged that Karr was unlawfully and wrongfully interfering with the operation of the ferry by running an opposition boat in which he carried passengers, etc. They asked that he be enjoined, and that they recover damages occasioned by the interference with the operation of the ferry. By answer Karr denied the allegations of the petition and made certain defenses unnecessary to enumerate.

On final hearing plaintiffs were granted the injunctive relief sought and were also adjudged a sum by way of damages. There was no appeal from that judgment.

In December, 1934, Robert E. L. Karr instituted this action in equity in the county court of Livingston county against J. H. Harmon asking that the judgment of the county court granting the ferry franchise to the latter be vacated, set aside, and held void, alleging that the court was without jurisdiction to enter judgment and that it was procured through fraud by Harmon, and was void because Harmon did not own the landing on the Kentucky side nor had he procured from his wife, Ellen Harmon, who was the owner of the land upon which it was located, the privilege of using same for ferry purposes. Exhibits filed with the petition and other writings not marked as such are inserted in the record following the petition. Reference will later be

made to some of these exhibits and other writings found in the record.

The defendant by answer denied the allegations of the petition and in subsequent paragraphs set up the proceedings and judgment in the Livingston county court in which the franchise was granted to Harmon, and also the proceedings and judgment in the injunction suit referred to in bar of plaintiff's right of action, and alleged that plaintiff was estopped thereby and that all matters involved were res judicata. Some time after the judgment in the injunction suit had been rendered and before this action was instituted, Mrs. Ellen Harmon had secured a divorce from her husband, J. H. Harmon, and had conveyed her lands along the Ohio river, including the ferry landing, to Robert E. L. Karr, and this was set forth in plaintiff's petition. By answer the defendant alleged that this deed was champertous in so far as his right to the ferry landing was concerned. It was agreed that exhibits filed with the petition might be considered in evidence.

After the issues had been completed by appropriate pleadings, the county court not only granted the relief prayed in the petition, that is, that the judgment be vacated, set aside, and declared void, but further granted to the plaintiff a franchise to operate a ferry from Carrsville to Rosiclare, Ill., and also adjudged that J. H. Harmon remove his boats, equipment, etc., from the ferry landing at Carrsville and from the ferry landing at Rosiclare, Ill., and permit plaintiff to have possession of same for ferry rights, privileges, etc.

On appeal to the circuit court of Livingston county the death of Robert E. L. Karr was suggested and the action was revived in the name of Norbert S. Karr, his administrator, and on final hearing it was adjudged by the chancellor that Harmon was the owner of the ferry rights granted to him by the county court on May 5, 1930, for a period of twenty years; that the order of the Livingston county court attempting to set aside or vacate the former order granting the franchise to Harmon was null and void and that same be set aside and held for nought; that the order of the county court attempting to grant the ferry franchise privilege across the Ohio river from Carrsville to Rosiclare to Robert E. L. Karr was null and void and that he took no rights or privilege thereunder; that the order at-

tempting to give Robert E. L. Karr full possession of the ferry landing at Carrsville, Ky., and requiring J. H. Harmon to remove his boats, etc., therefrom and to surrender possession to Karr was null and void, and that same be set aside; and that the action be dismissed at the cost of Robert E. L. Karr. The administrator is appealing.

It is argued by counsel for appellant that under section 1803, Kentucky Statutes, the judgment granting the ferry franchise to an appellee is void. That section provides:

"A ferry shall be established at the instance and for the benefit of the owner of the land on which it is located, or of some one who has obtained from the owner the privilege of using the same for that purpose."

It is asserted that Mrs. Harmon granted no such privilege in writing, and if she granted it orally it was void under the statute of frauds. The judgment granting the ferry privilege and franchise to appellee is the only part of that proceeding found in the record, and, as above noted, it recites that appellee had secured from his wife the right to use a sufficiency of her land for ferry purposes, and in the absence of a showing to the contrary it will be assumed that the evidence supported the judgment.

The county court in setting aside the former judgment of the county court granting the franchise entered an opinion found in the record wherein it is said in effect that in entering the judgment the court was under the impression that appellee was the owner of or part owner of the ferry landing on the Kentucky side, but that the court was unable to find where Harmon owned the land or where he was given a lease or landing privilege by his wife, and that so far as the record showed he at no time had a landing privilege from the town of Rosiclare in Illinois. But it will be noted that this opinion runs counter to the recitation in the former judgment. There appears in the record and following appellant's petition a sworn statement by Mrs. Harmon that she never gave appellee a written permit to operate a ferry from her land or to secure a franchise for a ferry to be operated therefrom, and that she was giving Robert E. L. Karr the right to collect any damages from appellee for operating a ferry from her land.

Not only does the original judgment recite that Mrs. Harmon had given appellee the privilege of operating the ferry from her land, but she later joined in the suit with her husband to enjoin appellant from interfering with that privilege. The writing signed and sworn to by Mrs. Harmon is referred to by counsel for appellant as Exhibit C filed with the petition, but we find this instrument appearing in the record is not designated or marked as Exhibit C, nor is it marked or referred to in the petition as an exhibit. An entirely different writing found in the record is marked as Exhibit C. It is therefore apparent that this writing was not covered by the agreement that exhibits filed with the petition be considered in evidence; however, we do not deem this of very great materiality. If the privilege referred to in section 1803 of the statute above quoted is required to be in writing, the person charged upon such agreement may confess or affirm the contract or agreement, or may raise no objection to its enforcement when the duty to do so arises, and thus waive the requirements of the statute. Mrs. Harmon, in joining her husband in the suit against appellant to enjoin infringement on the ferry privilege granted by the court, gave recognition to his every right connected with the ferry franchise and its operation, and to all purposes and effect confessed and affirmed the right and privilege of J. H. Harmon to use her land for the purpose indicated, thereby precluding herself from later claiming otherwise. See Bohannon v. Pace & Roland, 36 Ky. 194, 6 Dana 194. Appellant purchased the land from her with full knowledge of all these facts, since he was a party to both of the proceedings in which the ferry franchise was involved. He therefore took the land burdened with the ferry privilege.

Furthermore it is a fixed policy of the law that litigation be terminated as speedily as is consistent with orderly administration of justice, and to that end litigants are required to seasonably assert all their causes of action or defenses and not to try them by piecemeal. Louisville & N. Ry. Co. v. Commonwealth, 81 Ky. 193, 204 S. W. 94.

In appellant's written objection to the granting of the ferry franchise and in his answer to the injunction suit he interposed various objections and defenses, but none of them included the main ground on which he now rests his attack on the validity of the judgment

sought to be set aside. In the case of Combs et al. v. Prestonsburg Water Co., 260 Ky. 169, 84 S. W. (2d) 15, 18, wherein the validity of a waterworks franchise was involved, we quote from Locke v. Commonwealth, 113 Ky. 864, 69 S. W. 763, 24 Ky. Law Rep. 654, the following:

"The doctrine of estoppel by former judgment rests upon the maxim that there must be an end to litigation. The object in having courts of justice is that litigated questions shall be decided, and that, when once decided, they shall not be again brought under discussion. The judgment is a bar because the peace and prosperity of society and public policy forbid the relitigation of matters once decided. [Citing cases.]

"The rule is elementary that, when a matter is in litigation, parties are required to bring forward their whole case; and 'the plea of res judicata applies not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.'" (Citing cases.)

And following that quotation it was said:

"The validity of the franchise was actually in issue whether technically so or not, and is conclusive upon the parties and their privies, not only upon the particular subject-matter, but as to all future litigation between the same parties or their privies touching the same subject-matter. The doctrine not only embraces matters technically involved, but it extends further and compels the parties to bring forward and present to the court every fact then existing in support of the claim or defense." (Citing authorities.)

See, also, Newhall v. Mahan, 245 Ky. 626, 54 S. W. (2d) 26; Pineville Steam Laundry v. Phillips, 254 Ky. 391, 71 S. W. (2d) 980; Dearing v. Stites, 257 Ky. 403, 78 S. W. (2d) 46; Reeves v. Jones, 261 Ky. 764, 88 S. W. (2d) 935. There was identity of parties as well as cause of action in the former actions pleaded by appellee. It is therefore apparent that the res judicata rule applies, the former judgments are conclusive, and the

appellant is precluded and estopped thereby. This conclusion renders it unnecessary to consider appellee's special demurrer and plea to the jurisdiction of the court or any other question raised by either party.

Judgment affirmed.