PENNINGTON TRAP ROCK COMPANY, PLAINTIFF, v. PEN-
NINGTON QUARRY COMPANY AND LINUS R. GILBERT,
DEFENDANTS.

Decided August 29, 1944.

For the plaintiff, *Katzenbach, Gildea & Rudner* (*George Gildea,* of counsel).

For the defendants, *Samuel Koestler.*

OLIPHANT, S. C. C.   This is a motion by defendant Linus R. Gilbert to strike out the fourth, fifth and sixth counts of plaintiff's complaint and to dismiss the complaint as against said defendant.   The complaint contains three other counts, namely, the first, second and third which are directed against the corporate defendant and concerning which there is no dispute in so far as this motion is concerned.

The fourth count alleges in substance that Gilbert, the sole owner of all the capital stock of the corporate defendant and the one in sole and absolute control of the said defendant, ordered and directed various violations of a lease between plaintiff and the corporate defendant under which the former leased to the latter a certain quarry and the structures, tools and equipment thereon, among which violations were the failure to keep and maintain the buildings, plants, improvements, fixtures, furniture, machinery and equipment in good order and repair, the damage beyond repair of the machinery and equipment by improper use and abuse, the removal of parts of the machinery and other property, the demolition and damage of other parts, the failure to work the demised premises according to the rules and customs pertaining to stone quarries and with due regard to the preservation of the demised premises as a workable quarry, the failure to maintain the demised premises in a safe and workable condition and to do all dynamiting and excavating in strict conformity with generally accepted standards of good engineering pertaining to stone quarries, by reason of which and other acts, also alleged, the demised premises depreciated in value and were greatly damaged.   The fourth count also alleges that the defendant Gilbert ordered and directed the demolition of parts of the machinery and equipment leased to the corporate defendant and ordered and directed the removal of parts of said property and equipment from the demised premises without replacing the same.

The fifth count alleges that the defendant Gilbert conspired with the corporate defendant to ruin the quarry and property of the plaintiff so that after the termination of the lease plaintiff would be unable to compete with other quarry companies owned and operated by the defendant through corporations owned and controlled by him, the intention of the defendant Gilbert being to obtain a monopoly in the crushed stone business in central and south central New Jersey and that in furtherance of this conspiracy defendant Gilbert directed to be done the acts and things above mentioned.

The sixth count alleges that the defendant Gilbert holds a mortgage on the premises of plaintiff and that said defendant has conspired with the corporate defendant to eliminate plaintiff as a future competitor in the crushed stone business in central and south central New Jersey by causing the corporate defendant to default in the payment of the rent required to be paid under plaintiff's lease with the corporate defendant so that plaintiff would be unable to pay the interest and amortization payments required to be paid upon the mortgage held by defendant Gilbert who thereby would be put in a position to foreclose the mortgage and obtain possession of plaintiff's property.

Four grounds are alleged as a basis for the motion, to wit: That each of the counts are frivolous and insufficient at law and do not state a cause of action; that the actions in these counts are prematurely brought; that these counts are obscure and uncertain and that they are irregular, defective and so framed as to embarrass a fair trial.

The complaint in the fourth and fifth counts endeavors to hold an individual stockholder who is alleged to be the real owner and directing head of the defendant corporation liable in damages for tortious acts committed by the defendant corporation and done in violation of the terms of a lease existing between the plaintiff and the corporate defendant.

The action in these counts is based upon the alleged damage and destruction of the plaintiff's business and property.

Defendant's argument is two-fold; in the first place, that the defendant Gilbert is relieved of any responsibility and liability because the acts complained of represent violations

of covenants contained in the written lease existing between the corporate parties and that he is further relieved because whatever was done was done by the corporation and no personal liability attaches to a stockholder, officer or director thereof.

My research, and apparently that of counsel, has revealed no determinations by the courts of this state of the precise question presented.

The rule as enunciated in 3 *Fletcher Cyclopedia Corp.* 360, is "The executive officers of a corporation who induce it to enter upon a wrongful course of action become subject to personal liability, and they also incur individual and personal liability for willfully and maliciously inducing their company to breach its contract with another corporation.

In *Messenger* v. *Frye*, 176 *Wash.* 291; 28 *Pac. Rep.* (*2d*) 1023, 1025, the court said: "The general, if not the universal rule is that an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor; but an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable to third parties for such tort, nor for the acts of other officers, agents or employees of the corporation in committing it, unless he specifically directed the particular act to be done, or participated or co-operated therein."

In the case of *Luke* v. *DuPree*, 158 *Ga.* 590; 124 *S. E. Rep.* 13, it was held actionable for one maliciously or without justifiable cause to induce another to break his contract with a third person to the damage of the latter and following that doctrine in *Carpenter* v. *Williams,* 41 *Ga. App.* 685; 154 *S. E. Rep.* 298, the court held the defendant answerable to a complaint which charged him, the president of a corporation, with being personally liable for inducing the corporation to break its contract.

Of course it has been held that an employee or officer of a corporation who acts in good faith and believes that what he does is for the best interests of the corporation in seeking to have the corporation breach its contract with a third party should be absolved from a suit of this character but the actions of the individual must be with justification. *Vassar-*

*dakis* v. *Parish*, 36 *Fed. Supp.* 1002; *Hornstein* v. *Podwitz*, 254 *N. Y.* 443 (at *p.* 448); 173 *N. E. Rep.* 674.

While the complaint here does not specifically charge that Gilbert acted maliciously "malice may be inferred from the absence of just cause or excuse." *Kamm, Inc.*, v. *Flink*, 113 *N. J. L.* 582 (at *p.* 588); 175 *Atl. Rep.* 62, 67.

Perhaps the leading case on the subject is that of *Hitchcock* v. *American Plate Glass Co.*, 259 *Fed. Rep.* 948, 952, in which the court said: "The director of a corporation is ordinarily liable only for those torts which he himself commits. But his liability is not limited to tortious acts which he actually and physically commits; it extends as well to tortious acts which he actually brings about. Where a director or a manager of a corporation, who sustains to the corporation the relation of master or principal in the sense of being its dominating force, himself commands the commission of a tort by the corporation, though he does it as an officer and in the name of the corporation, he is individually liable." * * * "an executive officer of a corporation cannot shield himself behind an artificial or some times an irresponsible creation from the consequences of his own acts, even though performed in the name of an artificial body." See, also, *National Cash Register Co.* v. *Leland*, 94 *Fed. Rep.* 502 (at 508).

The cases of *Schuster* v. *Largman*, 318 *Pa.* 26; 178 *Atl. Rep.* 45, and *Lukach* v. *Blair*, 108 *Misc.* 20; 178 *N. Y. Supp.* 8, are cited by counsel for the defendant in support of his contentions. These hold that where officers of a corporation exercise their discretion and best judgment, there can be no personal liability for a tort arising out of the breach of a contract by the corporation. There can be no quarrel with that general theory but it cannot obtain when the officer maliciously orders the tort to be committed and his motive may be questioned and lack of justification shown. *Vassardakis* v. *Parish, supra.*

*Salomon* v. *Salomon, Ltd.*, 45 *Week. Rep.* 193; *L. R. App. Cas.* 22; *The Salt Lake City National Bank* v. *Hendrickson*, 40 *N. J. L.* 52, and *Jackson* v. *Hooper et al.*, 76 *N. J. Eq.* 592; 75 *Atl. Rep.* 568, also relied upon by the defendant are not in point.

The existence of a corporation should never be allowed to shield an individual who is in control of that legal fiction from the consequences of tortious acts maliciously ordered or directed by him to be done and perpetrated through that instrumentality.

The fourth and fifth counts of the complaint set forth good and sufficient causes of action and as to these, the motion should be denied.

With respect to the sixth count, I am of the opinion that the claim there set forth is speculative, uncertain and prematurely made. It will be stricken.