STELL MANUFACTURING CORPORATION et al., Appellants, v. CENTURY INDUSTRIES, INC., et al., Respondents, et al., Defendants.

First Department, November 30, 1961.

*O. John Rogge* for appellants.

*Samuel Gottlieb* of counsel (*Emanuel Baetich* with him on the brief; *Gainsburg, Gottlieb, Levitan & Cole,* attorneys), for respondents.

STEVENS, J. This is an appeal from an order entered February 17, 1961, dismissing the complaint for insufficiency pursuant to rule 106 of the Rules of Civil Practice and from a judgment entered thereon February 24, 1961. By the terms of the order appealed from, the corporate plaintiffs were granted leave to serve an amended complaint against the corporate defendants only, limited solely to a cause of action for rescission of releases and damages for breach of contract.

The complaint, containing three causes of action, is based upon alleged wrongdoing or wrongful acts by the defendants-respondents, with respect to a factoring agreement, dated September 17, 1959, entered into by and between plaintiff corporations, and defendant Skirt Corporation of America, Inc., which, in turn, is alleged to be a wholly-owned subsidiary of Century Industries, Inc. The individual defendants-respondents are officers of the defendant corporations.

The first cause of action, based on fraud and seeking rescission and an accounting, alleges that through wrongful double debiting by defendant corporations of the corporate plaintiff's accounts, approximately $130,000, or more, was wrongfully withheld from plaintiff corporations, thus causing plaintiff corporations to make an assignment of assets for the benefit of creditors. It charges that the defendants falsely represented that only $52,500 was due from defendants to plaintiffs, and plaintiffs, believing and relying upon such representations, executed releases upon receipt of such sum. These wrongful acts were allegedly done with the knowledge, active assistance, co-operation and connivance of the individual defendants.

The second cause of action is based on mutual mistake and likewise seeks rescission of the releases. The third cause of action on behalf of the individual plaintiffs, officers of the corporate plaintiffs, seeks damages for their loss of majority control of said corporations, and for the corporate insolvency resulting from the wrongful and illegal conduct of the corporate defendants, in wrongfully and illegally withholding moneys due under the factoring agreements.

It is unnecessary to pass upon the claims of the individual plaintiffs for the appeal in their behalf was not pressed but

withdrawn on argument. It is clear, however, that basically only corporate rights here are alleged to have been infringed. The accounts receivable here involved, embraced the ordinary accounts receivable purchased by the corporate defendants — for which, upon written request, defendants would advance up to 80% of the net amount — as well as accounts receivable termed department risk accounts (D. R.), where the credit risk at all times remained upon the plaintiffs. Any action by the corporate defendants with respect to monetary advances for the D. R. accounts was purely discretionary, and title to such accounts and the merchandise constituting the accounts receivable remained with the corporate defendants as additional or collateral security for plaintiffs' present or future indebtedness. The charges of wrongful double debiting, or duplication of charges, include both types.

Since the corporate plaintiffs-appellants were granted leave to serve an amended complaint containing a cause of action for rescission and damages for breach of contract, our concern must be with a wider aspect of the problem presented here. Will the charges, if proved, support an action in tort, and may the individual defendants be joined and kept in such action?

Respondents argue that a cause of action which charges the individual defendants with wrongdoing by conspiring with the corporate defendants to breach the factoring agreements, cannot be maintained. They assert that the case of *Brick* v. *Cohn-Hall-Marx Co.* (276 N. Y. 259) is precisely in point. In that case the plaintiffs sued the defendants for moneys due (royalties) on a contract. Since more than six years had run since the moneys became due, the plaintiffs brought action as in fraud, alleging recent discovery of the fraud. The court, in reversing the Appellate Division and affirming the judgment of Special Term dismissing the complaint, pointed out that the basis of the action was contract and the fraud element was added " merely to take the case without the six-year statute " (p. 264). The court observed, even if in theory the complaint were in fraud, it would look to the reality and essence of the action.

In the case before us no question of the Statute of Limitations is involved. Even if this be deemed an action in contract, admittedly the action is timely. Nor do we think *Brick* v. *Cohn-Hall-Marx Co.* (*supra*) should be construed as holding that where a contract is the source of a relationship between parties, torts committed in the course of and made possible by such relationship should be protected from independent attack, and the limit of recovery be restricted to damages for the breach of such contract. This would seem an unnecessary extension of

the views there expressed and, in effect, provide a shield or umbrella of protection for a wrongdoer.

Moreover, it may be that some fraud extraneous to, though made possible by the relationship here, can be alleged on a repleading and plaintiff should not be unduly restricted. A tender solicitude for an alleged tort-feasor should not hamper the injured party in seeking redress for a claimed wrong. A distinction must be observed between liberality permitted in pleading, and proof which must be advanced at trial to support the claim. If there was a knowing and intentional fraudulent misrepresentation, intended to induce reliance, which was justifiably relied on, thereby causing damage to plaintiffs, plaintiffs should be allowed to plead and prove their case. All active participants in the alleged intentional wrong should be permitted to be joined as parties defendant and, upon proof, held liable in damages. If such officers, utilizing the corporate structure, act fraudulently with knowledge of the wrong, to cause injury to a party bound by contract to the corporation of which such officers are a part, the injured party is allowed to plead and prove the damages proximately caused by such wrongful acts. (*Buckley* v. *112 Cent. Park South,* 285 App. Div. 331; *Potter* v. *Minskoff,* 2 A D 2d 513; cf. *Santa Barbara* v. *Avallone & Miele,* 270 N. Y. 1, reargument denied 270 N. Y. 645.) "Fraud which induces non-action where action would otherwise have been taken is as culpable as fraud which induces action which would otherwise have been withheld." (*Stern Bros.* v. *New York Edison Co.,* 251 App. Div. 379, 381.) Where there is a deliberate intent to wrongfully cause economic loss to plaintiffs for the purpose of injuring them, and fraud or deceit is the means used, those responsible should be held to answer. If the defendants believe a privilege exists which would preclude liability it may be asserted as a defense. If this be regarded as a deviation from established doctrine, the point of limitation in departure should be at trial or judgment, not in pleading.

The law strives to compensate or make whole a party injured by the wrong of another. In the present case it may or may not be that the damages proximately caused by the alleged wrongdoing can adequately be compensated in an action restricted to damages for breach of contract. However, a prior limitation should not be applied where the question is solely one of pleading.

Accordingly, the judgment appealed from should be vacated, the order appealed from modified, on the law and in the exercise of discretion, to permit a general repleading of causes of action for damages in fraud or in contract against all defendants, and

for rescission against the defendant corporations, and should be otherwise affirmed, with costs to plaintiff-appellant corporations.

BREITEL, J. P., RABIN, McNALLY and BERGAN, JJ., concur.

Judgment vacated and order unanimously modified, on the law and in the exercise of discretion, to permit a general repleading of causes of action for damages in fraud or in contract against all defendants, and for rescission against the defendant corporations, and is otherwise affirmed, with costs to plaintiff-appellant corporations. Settle order on notice.