No. 13175

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

IRMA TAYLOR,

Plaintiff and Appellant,

-vs-

THE ANACONDA FEDERAL CREDIT UNION
AND CHARLES McLEAN individually
and its agent,

Defendants and Respondents.

---

Appeal from: District Court of the Third Judicial District,
Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

For Appellant:

Edward D. Yelsa argued, Anaconda, Montana

For Respondents:

Corette, Smith and Dean, Butte, Montana
Gerald R. Allen argued, Butte, Montana

---

Submitted: April 21, 1976

Decided: MAY 20 1976

Filed: MAY 20 1976

Thomas J. Kearney
Clerk

Hon. Robert J. Nelson, District Judge, sitting in place of Mr.
Chief Justice James T. Harrison, delivered the Opinion of the
Court.

This is an appeal from the district court, Deer Lodge
County, the Honorable James D. Freebourn, presiding.

Plaintiff, Irma Taylor, filed an action in the district
court, Deer Lodge County, on June 26, 1975. Count One of the
complaint alleges that defendant Charles McLean, agent of the
Anaconda Federal Credit Union, promised Taylor that purchasers
(Hodacks) would have enough equity to be able to borrow money
from defendant Credit Union to pay a $3,000 promissory note from
Hodacks to Taylor. The balance of Count One essentially alleges
that Taylor had to hire an attorney to pursue her remedies against
Hodacks to collect the note, and further attempts to impose a
duty upon defendants for plaintiff's loss upon her sale to de-
fendant Credit Union at discount of another of Hodacks' notes in
the sum of $1,500 and also for her attorney's fees. Taylor al-
leged $800 as special damages and $50,000 as general damages under
Count One.

Count Two alleges Taylor had a contract with Hodacks for
the payment of $3,000. It is alleged defendants McLean and the
Credit Union interfered with the contract by using the premises
purchased by Hodacks from Taylor as security for the original
loan made to Hodacks of $4,000, which money was used as the down-
payment on the purchase of the premises, and in making further
loans to the Hodacks on the same security. As damages under
Count Two, Taylor alleges special damages of $800, general dam-
ages of $50,000 and exemplary damages of $70,000.

Count Three of the complaint is a repetition of the al-
legations made in Count Two.

Defendants McLean and Credit Union moved to dismiss the
complaint and the motion was treated as one for summary judgment

- 2 -

by counsel for plaintiff and defendants. The district court granted judgment for McLean and the Credit Union. Taylor appealed from the order and judgment of the district court.

The facts are admitted. Taylor is a resident of Anaconda, Montana. The Credit Union is a corporation organized under the laws of the United States and doing business in Montana, and Charles McLean is the treasurer of the Credit Union.

On May 7, 1969, Taylor agreed to sell certain real property located west of Anaconda to Stephen and Patricia Hodack. The agreed purchase price for the property was $7,000 and it is not clear whether or not a written contract of sale was drafted. The agreement between Taylor and Hodacks provided for a downpayment of $4,000. The remaining $3,000 was payable, without interest, 4 years from May 7, 1969. The promissory note was executed by the Hodacks and delivered to Taylor.

Taylor did not take any steps to secure her interest as a creditor upon the real property. The Hodacks borrowed from the Credit Union through its duly authorized agent, McLean, the sum of $4,664.83, representing the agreed downpayment plus Hodacks' share of taxes on the property sold. This check was issued on May 8, 1969 and delivered to plaintiff by Hodacks. In return for the loan to Hodacks, the Credit Union filed a mortgage upon the property sold for the amount of the loan. This mortgage was duly recorded in Deer Lodge County.

The promissory note running from the Hodacks to Taylor fell due on May 7, 1973. The Hodacks did not make payment upon the note and fell into default. Due to this default, Taylor sued Hodacks and the Credit Union for breach of contract. A settlement was reached in which the Credit Union agreed to loan Hodacks an additional $1,500 to be paid to Taylor. It was also agreed Hodacks would execute a new promissory note for $1,500

payable in 3 years or in 1977. Under the new agreement, Taylor took a second mortgage on the real property.

A check for $1,500 was delivered to Taylor by her attorney and defendant Hodack, as was the promissory note for $1,500 and the case was settled. In November 1974, the Credit Union agreed to extend Hodacks' line of credit and paid Hodacks the sum of $1,500 which was used by them to pay off the second promissory note running to Taylor. In return for this payment, Taylor executed a "Satisfaction of Mortgage and Release" to the Hodacks.

The sole basis for Taylor's claim against McLean and the Credit Union is an oral statement made by McLean, apparently to plaintiff, at the time the downpayment on the premises was made and Taylor accepted the $3,000 unsecured note for the balance due, to the effect that at the time the note became due May 7, 1973 Hodacks would have sufficient equity in the premises for them to borrow more money from the Credit Union to pay the note.

The admittedly gratuitous oral statement made by McLean was not a promise to answer for the obligation of the Hodacks and was not a guaranty or of suretyship as the same are defined by Montana's codes. McLean's statement necessarily presupposed, and of necessity had to be understood by anyone who heard it, that if nothing happened to the Hodacks, and if they made their payments on the mortgage which the Credit Union was taking on the premises, and if nothing happened to the premises, the Hodacks in four years would have sufficient equity in the premises for the Credit Union to make a further loan to Hodacks to pay their promissory note to Taylor for the balance of the purchase price. Such statement did not constitute a legally enforceable promise to loan Hodacks' the money.

With regard to Counts Two and Three of Plaintiff's claim, to the effect the Credit Union interfered with the contract

between Taylor and the Hodacks because it took a mortgage on the premises when it loaned Hodacks the downpayment, and thereafter before the due date of Hodacks' note to Taylor for the balance of the purchase price, loaned the Hodacks an additional sum or sums which was secured by the mortgage, such acts standing alone do not constitute interference with the contract. The acts of the Credit Union were legal acts, for which it was organized and authorized to do. Standing alone, the acts do not give rise to any presumption or inference that the acts were done to induce or cause Hodacks not to pay their note. The action of interference with contract rights is a tort action, tort meaning wrongful or unlawful or without justification. The element of malice (not malice as it is understood in the popular sense of spite or ill will, but malice in the legal sense) meaning the intentional doing of a wrongful act without justification or excuse, is an essential element of an action for interference with contract. Such malice is not presumed and cannot be inferred from the commission of a lawful act. Simonsen v. Barth, 64 Mont. 95, 208 P. 938; Burden v. Elling State Bank, 76 Mont. 24, 245 P. 958; Quinlivan v. Brown Oil Co., 96 Mont. 147, 29 P.2d 374.

Nothing more being shown than the commission of a lawful act by McLean and the Credit Union the burden was on Taylor to present evidence of a material and substantial nature raising a genuine issue of fact on the element of malice.

The governing law on a motion for summary judgment is stated in DeWinter v. Capp Homes, Inc., 162 Mont. 19, 24, 507 P.2d 1061, 1063:

> "The trial judge was faced with a set of facts that could only produce one conclusion. Initially, the burden was on defendant to show an absence of any issue of material fact. When defendant met the burden, it was incumbent upon the plaintiff to present evidence to raise a genuine issue. As we recently said in Roope v.

- 5 -

The Anaconda Company, 159 Mont. 28, 494 P.2d 922, 29 St.Rep. 170, 174:

"'The burden of establishing the absence of any issue of material fact is on the party seeking summary judgment. Byrne v. Plante, 154 Mont. 6, 459 P.2d 266, and citations therein. But where, as here, the record discloses no genuine issue as to any material fact, <u>the burden is upon the party opposing the motion to present evidence of a material and substantial nature raising a genuine issue of fact.</u> Flansberg v. Mont. Power Co., 154 Mont. 53, 460 P.2d 263, and authorities cited therein.' (Emphasis added)

"In State ex rel. Burlington Northern v. District Court, 159 Mont. 295, 496 P.2d 1152, 29 St.Rep. 380, we affirmed that rule:

"'Failure of the party opposing the motion to either raise or demonstrate the existence of a genuine issue of material fact, or to demonstrate that the legal issue should not be determined in favor of the movant, is evidence that the party's burden was not carried. Summary judgment is then proper, the court being under no duty to anticipate proof to establish a material and substantial issue of fact.'"

Finally, when the Hodacks did not pay the $3,000 note on the due date, Taylor not only sued Hodacks, but McLean and the Credit Union as well. This suit was settled by the Hodacks borrowing $1,500 from the Credit Union and paying it to Taylor, who accepted a note from the Hodacks at that time for the remaining $1,500 which note Taylor this time secured by a second mortgage on the premises. Later on November 20, 1974, Taylor filed a satisfaction of the second mortgage when Hodacks paid the $1,500 note with money again borrowed from the Credit Union. This constituted not only an accord and satisfaction and any extinguishment of the claim she had against Hodacks, but also any possibility of a claim she could have had against McLean and the Credit Union.

The district court's order granting summary judgment to defendants is affirmed.

_____
Hon. Robert Nelson, district judge, sitting in place of Mr. Chief Justice James T. Harrison.

- 6 -

We concur:

_Wesley Castles_

_John Conway Harrison_

_Frank I. Haswell_

_Gene B. Daly_

Justices