No. 14355

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

-------------------

WILLIAM R. PELTON,

Plaintiff and Appellant,

-vs-

DOUGLAS F. MARKEGARD,

Defendant and Respondent.

-------------------

Appeal from: District Court of the Thirteenth Judicial District, Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellant:

Wm. R. Morse, Absarokee, Montana

For Respondent:

Moses, Tolliver and Wright, Billings, Montana

-------------------

Submitted on briefs: October 2, 1978

Decided: NOV 6 1978

Filed: NOV 6 1978

*Thomas J. Kearney*
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff appeals from an order of the Yellowstone County District Court dismissing his complaint against defendant.

By a verbal agreement, plaintiff managed defendant's feedlots near Laurel, Montana. A dispute had arisen between the parties as to the terms of their agreement. Litigation had ensued between them. This action is the third suit between these parties.

This matter arises out of a transaction between plaintiff and a third party, Leo Ostwalt. Plaintiff sold Ostwalt some butcher beef for $413.69. Ostwalt did not pay the price immediately because of a lack of funds. Ostwalt had done some excavating work for defendant in the sum of $476.27, which defendant owed him. Ostwalt intended to pay plaintiff when defendant paid him.

On March 9, 1977, defendant wrote out a check to Ostwalt, himself, plaintiff, and the First National Bank of Great Falls, who held a lien on some of plaintiff's cattle, for $476.27. By issuing the check as written, plaintiff alleges that it is not negotiable. Thus, Ostwalt has not been paid and plaintiff has not been paid.

On August 10, 1977, plaintiff instituted this action against defendant. Defendant filed a motion to dismiss on the grounds that the complaint failed to state a claim upon which relief can be granted. In support of his motion, defendant argued that the only theory plaintiff could be proceeding under would be third party beneficiary contract and under this theory plaintiff could not recover. In his responsive brief, plaintiff maintained that his action was for tortious interference with a business relationship due to the manner in which defendant made out his check. The motion to dismiss was argued before the court. On May 30, 1978, the court granted the motion to dismiss for failure to state a claim. Plaintiff appeals.

The sole issue on appeal is: Did the District Court err in granting defendant's motion to dismiss?

Defendant moved to dismiss plaintiff's complaint under Rule 12(b)(6), M.R.Civ.P. The standard of review from the granting of a Rule 12(b)(6) motion is:

> "A motion to dismiss for failure to state a claim upon which relief can be granted, Rule 12(b)(6), M.R.Civ.P., is equivalent to a demurrer under former civil procedure. (Citation omitted.) A motion to dismiss admits to all facts well pleaded and in considering the motion the material allegations of the pleading attacked are taken as true. (Citation omitted.) Where a complaint states facts sufficient to constitute a cause of action upon any theory, then the motion to dismiss must be overruled. (Citation omitted.) However, when a complaint alleges facts and, assuming the facts are true, there still is no claim for relief stated under any theory, a motion to dismiss must be granted." Duffy v. Butte Teachers Union (1975), 168 Mont. 246, 252, 253, 541 P.2d 1199.

Plaintiff's action here was for interference with contract rights. Such causes of actions have long been recognized in Montana. Taylor v. Anaconda Federal Credit Union (1976), 170 Mont. 51, ~~540~~ **550** P.2d 151; Quinlivan v. Brown Oil Co. et al. (1934), 96 Mont. 147, 29 P.2d 374; Burden v. Elling State Bank (1926), 76 Mont. 24, 245 P. 958; Simonsen v. Barth et al. (1922), 64 Mont. 95, 208 P. 938. A complaint seeking damages for inducing a breach of contract is sufficient where it alleges that a contract was entered into, that its performance was refused, that such refusal was induced by the unlawful and malicious acts of the defendant, and that damages have resulted to plaintiff. Burden v. Elling State Bank, supra.

We hold that the District Court erred in granting defendant's motion. The complaint states facts sufficient to constitute a cause of action for tortious interference. In the complaint it is alleged that the monies Ostwalt owes plaintiff arose out of a sale of goods. This evidences a contract between these parties for the sale. The complaint alleges that the goods have not been

- 3 -

paid for. Plaintiff alleges that Ostwalt's failure to pay him is due to the manner in which defendant made out his check. It could be inferred from the way defendant made out the check that he knew the purpose for which Ostwalt sought the payment and defendant did not want plaintiff to obtain any of the money given Ostwalt.

Since the complaint states a claim, plaintiff should be allowed to pursue his action. Whether plaintiff can recover is not at issue now but must await further proceedings.

The order dismissing the complaint is vacated and the cause is remanded to the District Court for further proceedings.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

Mr. Justice John C. Sheehy, deeming himself disqualified, did not participate in this case.