No. 14665

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

LYLE B. NOTT, ODEAL S. NOTT,

Plaintiffs and Appellants,

-vs-

GLEN BOOKE and VICKY BOOKE,
husband and wife, and JACK
D. HEIDEMA and JOHN A. HEIDEMA,

Defendants and Respondents.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

For Appellants:

Fillner and Pitet, Billings, Montana

For Respondents:

Reno and Dolve, Billings, Montana
Swandal, Douglass & Swandal, Livingston, Montana

---

Submitted on briefs: June 7, 1979

Decided: AUG 20 1979

Filed: AUG 20 1979

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a motion for summary judgment entered in favor of respondents Jack and John Heidema and Glen and Vicky Booke in the District Court of the Thirteen Judicial District. The granting of the motion in effect dismissed a complaint brought by the appellants, Lyle and Odeal Nott, seeking to quiet title to a disputed portion of land by a claim of adverse possession.

Appellants and respondents are adjacent landowners in Carbon County, Montana, their land adjoining at appellants' southern and respondents' northern boundaries. In 1942, appellants purchased their property, which is described according to their deed as:

> The North Half of the Southwest Quarter
> (N1/2SW1/4), the Southwest Quarter of the
> Southwest Quarter (SW1/4SW1/4), Lot 9 and
> the North 19 feet of Lots 10 and 11, all
> located in Section Four, Township Six South,
> Range 23 East, M.P.M.

Respondents Bookes purchased their land in 1976 from respondents Heidemas. The land was originally owned by John and Genevieve Shupak. The legal description of the property is described as:

> Tract A of Certificate of Survey No. 885,
> situated in Lots 10 and 11, Section 4 and
> Lot 2, Section 9, Township 6 South, Range
> 23 East, M.P.M.

The strip of land which is the center of dispute is located between appellants' and respondents' property. It is a triangular portion of land, approximately 1950 feet in length, 68 feet in width on the east end, 38 feet in width on the west end, and slightly over two acres in total area. It is also enclosed by a boundary line fence which was constructed by appellants in 1946.

Appellants claim title to the strip of land under a deed executed in 1946 to Lyle B. Nott and his then spouse, Rosia Nott, from the respondents' predecessor in interest, John and Genevieve Shupak. That deed was the culmination of an agreement settling a boundary line dispute between those parties.

In 1946 the Notts employed William Burke to conduct a survey of the boundary line between their property and the Shupaks', whereupon a fence was constructed by the Notts along the line as laid out by Burke. After the construction of the fence, however, the Shupaks disagreed as to the correct placement of the fence and boundary line. This, in turn, led to the land being resurveyed by Burke, who discovered an error in his calculations and determined the proper boundary line to be 19 feet north of the fence. To settle the dispute, the Shupaks executed a deed for good consideration to the Notts conveying the north 19 feet of Lots 10 and 11.

The parties thereafter occupied their lands in accordance with the boundary fence. During this time, the Notts cultivated the land, constructed fences and corrals for livestock and built a concrete irrigation flume next to the fence and upon the area of land which is the subject of this dispute. Appellants were also assessed and have paid taxes upon their land in accordance with the description on the deed since 1946.

Respondents Bookes purchased their land from respondents Heidemas in 1976. To comply with the provisions of the Subdivision and Platting Act, a certificate of survey was made after the purchase. This survey, which was conducted in 1977, created a further discrepancy between the

boundary fence and Burke's second survey, giving rise to the presently disputed portion of land.

On July 6, 1977, appellants filed an action against respondents Bookes to quiet title to the disputed portion of land, proceeding on the theory of adverse possession. An amended complaint filed on August 16, 1978, added respondents Heidemas, the record owners of the disputed property. All parties to the lawsuit thereafter filed and requested motions for summary judgment. The District Court granted respondents Bookes' motion on August 30, 1978, and respondents Heidemas' motion on January 9, 1979. From these orders the Notts appeal.

The first allegation of error we shall consider is whether the District Court erred in granting respondents' motions for summary judgment. Rule 56(c), M.R.Civ.P., provides that summary judgment shall be granted if:

". . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [the moving] party is entitled to judgment as a matter of law . . ."

In construing the above rule, we have previously held that the party moving for summary judgment has the burden of showing the complete absence of any genuine issue as to all facts which are deemed material in light of those substantive principles which entitled him to a judgment as a matter of law. We have also held that this is a strict standard and that, if there is any doubt as to the propriety of the motion for summary judgment, it should be denied. Fulton v. Clark (1975), 167 Mont. 399, 403, 538 P.2d 1371, 1373; Harland v. Anderson (1976), 169 Mont. 447, 450, 548 P.2d 613, 615; Cheyenne Western Bank v. Young (1978), _____ Mont. _____, 587 P.2d 401, 404, 35 St.Rep. 1806, 1809.

Our function in this appeal, then, is to determine whether there is a genuine issue of material fact precluding summary judgment.

Appellants argue that the District Court erred because they have acquired title to the disputed strip of land by satisfying all of the elements of adverse possession. Included in these elements is the statutory requirement that an adverse claimaint pay all municipal, county and state taxes upon land he occupies and wishes to claim for a continuous period of five years. Section 70-19-411, MCA, provides:

> "In no case shall adverse possession be considered established under this code unless it shall be shown that the land has been occupied for a period of 5 years continuously and the party or persons, their predecessors, and grantors have during such period paid all the taxes, state, county, or municipal, which have legally been levied and assessed upon such land."

While respondents admit that appellants have paid taxes according to their deed description, they argue that such payment does not satisfy the requirements of section 70-19-411, MCA. Their primary contention is that the payment of taxes upon the north 19 feet of Lots 10 and 11 is not equivalent to the payment of taxes upon a portion of land which is approximately 1950 feet in length, 68 feet in width on the east end, 38 feet in width on the west end, and slightly over two acres in total area. Therefore, because they argue that appellants have not satisfied all of the elements of adverse possession, the motion for summary judgment was properly granted as a matter of law.

This Court has had prior occasion to consider what kind of payment will suffice to meet the requirements of section 70-19-411, MCA. We have held that, where the evidence shows

that taxes have been paid on the basis of the land description in the deed which does not include the strip of property in dispute, in the absence of an agreement extending the boundary to include this strip, such payment does not constitute payment of the taxes on the disputed strip. Townsend v. Koukol (1966), 148 Mont. 1, 8-9, 416 P.2d 532, 536; Stephens v. Hurly (1977), ____ Mont. ____, 563 P.2d 546, 551, 34 St.Rep. 243, 249. However, where a boundary line has been agreed upon or fixed because of the uncertainty of the parties as to the true boundary and the deed description does not include the disputed land, the payment of taxes according to the deed description does constitute a payment upon such land for the purpose of satisfying the statute. Townsend v. Koukol, 148 Mont. at 8, 416 P.2d at 536.

The question of fact which is most crucial to a determination of the issue facing this Court, then, is whether an agreement existed between appellants and respondents, or their predecessors in interest, that the disputed strip of land lay within an agreed upon or fixed boundary.

Appellants have filed two pleadings which allege that the "boundary line dispute was settled between . . . Nott and Shupak by an agreement being reached as to the correct placement of the boundary line on the fence line as constructed by [Nott] . . ." Moreover, they have filed the deposition of Lyle Nott in which he answers the following questions:

> "Q. So sometime, then, after you bought, I understand there became a dispute between you and the Shupaks regarding the boundaries of the two adjoining pieces of land? A. That's right.
>
> ". . .

"Q. As a result of that survey, then, you and the Shupak's [sic] then settled the difference of opinion on the boundaries of your property? A. We did.

"Q. And he deeded to you, to settle that dispute, he deeded to you the north 19 feet of Lots 10 and 11 in Section 4? A. That's right."

Respondents, in turn, have left the above allegations uncontroverted in their briefs and have also admitted that the disputed strip is "enclosed within a . . . fence originally constructed by the [Notts]."

In view of this testimony, we find that the pleadings, depositions and admissions place in controversy a genuine issue of material fact, namely whether an agreement existed between the Notts and Shupaks that extended the boundary line between their properties to include the disputed portion of land. This question may ultimately be determinative of the result in the case.

Accordingly, we find that it was error for the District Court to grant respondents' motions for summary judgment, and we remand this cause to the District Court for a full hearing on the matter.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

-7-