No. 14846

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

LARRY PHILLIPS,

Plaintiff and Appellant,

vs.

THE MONTANA EDUCATION ASSOCIATION,
a non-profit corporation; JOHN
BOARD; C. D. "BUD" BEAGLE; MAURICE
HICKEY; NOEL FURLONG and BETTY LOCKEY,

Defendants and Respondents.

---

Appeal from:    District Court of the First Judicial District,
                In and For the County of Lewis and Clark,
                Honorable Peter Meloy, Judge presiding.

Counsel of Record:

    For Appellant:

        Joseph Duffy argued, Great Falls, Montana

    For Respondents:

        Hilley and Loring, Great Falls, Montana
        Jardine, Stephenson, Blewett and Weaver, Great Falls,
         Montana
        Alexander Blewett III argued, Great Falls, Montana

---

                        Submitted:  December 12, 1979

                        Decided: APR 28 1980

Filed: APR 28 1980

*Thomas J. Kearney*
                                            Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant Larry L. Phillips appeals from an order and judgment of the Lewis and Clark County District Court granting a motion by the Montana Education Association (herein referred to as MEA); and John Board, C. D. "Bud" Beagle, Maurice Hickey, Noel Furlong, and Betty Lockey (herein referred to as individual defendants) for summary judgment.

Phillips was hired by the MEA on April 2, 1974, and commenced employment on July 1, 1974. The terms of his employment as executive secretary were specified in a written, two-year contract. On December 30, 1974, the Board of Directors of the MEA terminated Phillips' contract and employment as of December 30, 1974.

On January 28, 1975, Phillips filed a complaint against the MEA alleging breach of employment contract and failure to give the requisite three months notice of termination. On March 19, 1976, Phillips filed an amended complaint and alleged five counts which included the earlier claims, and added claims for slander, malicious inducement by agents of the MEA to breach the employment contract, and that the MEA had blacklisted him from further employment. The amended complaint added eight John and Mary Does as defendants.

The MEA made a number of motions to dismiss, strike, to make more definite statements and to dismiss defendants. In an order dated November 8, 1976, the District Court dismissed the slander count for failure to state a claim, and struck Phillips' claim for punitive damages, penalties and attorney fees.

Phillips appealed to this Court, and the MEA filed a motion to dismiss the appeal on the grounds that the order

-2-

was not appealable. This Court granted the MEA's motion to dismiss the appeal, and the cause was remanded to the District Court.

On August 1, 1977, the MEA deposed Phillips and he was unable to provide information concerning the alleged malicious inducement of breach of contract; and three days after that deposition, the MEA served interrogatories on Phillips seeking answers concerning the alleged malicious inducement of breach of contract. Phillips did not answer the interrogatories, and on April 3, 1978, the MEA filed a motion to compel answers. A hearing was held on May 2, 1978, and the District Court ordered Phillips to answer the interrogatories.

Phillips did not answer the interrogatories within the time ordered by the District Court; and on August 31, 1978, the MEA again filed a motion to dismiss the amended complaint. A hearing was held on September 26, 1978, and the District Court found that Phillips had violated the court order by not answering the interrogatories; and ordered that the amended complaint would be dismissed with prejudice if Phillips did not answer the interrogatories by October 13, 1978. The District Court further found that Phillips had failed to comply with a previous court order by not having filed a second amended complaint, and ordered that Phillips' complaint would be dismissed with prejudice if Phillips did not file a second amended complaint by October 13, 1978. Phillips filed a second amended complaint and answers to the interrogatories on October 13, 1978.

On November 16, 1978, the MEA and the individual defendants moved for summary judgment on count two, the alleged malicious inducement of breach of contract; and count three, the alleged MEA blacklisting of Phillips from further employment, of Phillips' second amended complaint.

-3-

The motion was briefed and a hearing held; and on April 4, 1979, the District Court granted the motion for summary judgment. On April 10, 1979, final judgment was entered pursuant to Rule 54(b), Mont.R.Civ.P. The judgment specifically stated that Phillips was entitled to proceed with counts one and four of the second amended complaint concerning the cause of action for breach of contract. Phillips has not appealed the granting of summary judgment on count three; therefore, Phillips' appeal is limited to the granting of summary judgment on count two.

The following issue is raised by Phillips for our consideration on appeal:

Whether the District Court erred in granting summary judgment on count two of the second amended complaint wherein Phillips alleged that the individual defendants were personally liable for the tort of malicious inducement of breach of contract.

Causes of action for interference with contract rights have long been recognized in Montana. Pelton v. Markegard (1978), ___ Mont.___, 586 P.2d 306, 35 St.Rep. 1593; Taylor v. Anaconda Federal Credit Union (1976), 170 Mont. 51, 550 P.2d 151; Quinlivan v. Brown Oil Co. (1934), 96 Mont. 147, 29 P.2d 374; Burden v. Elling State Bank (1926), 76 Mont. 24, 245 P.958; Simonsen v. Barth (1922), 64 Mont. 95, 208 P. 938. See also W. Prosser, The Law of Torts, §129 at 927 (4th Ed. 1975). A complaint seeking damages for inducing a breach of contract is sufficient where it alleges (1) that a contract was entered into, (2) that its performance was refused, (3) that such refusal was induced by the unlawful and malicious acts of the defendant, and (4) that damages have resulted to the plaintiff. Pelton v. Markegard, supra,

-4-

586 P.2d at 308; Burden v. Elling State Bank, supra, 245 P. at 959.

The law, independent of the contract, imposes upon strangers to a contract the duty not to interfere with its performance. The violation of this duty is a tort, the remedy for such interference is by action in tort. Burden v. Elling State Bank, supra, 245 P. at 959. One type of interference with economic relations has been marked out rather definitely by the courts, and regarded as a separate tort, under the name of inducing breach of contract.

The parties do not dispute the fact that Phillips has a cause of action against the corporation for the alleged breach of contract, and this cause of action is pending in District Court. The fact that there is an available action against the party who breaks the contract is no defense to the one who induces the breach, since the two are joint wrongdoers, and each is liable for the loss. Prosser, supra, §129 at 948. In terms of legal theory, it is therefore possible to bring suit for breach of contract and also to bring suit for the tort of inducing breach of contract.

The specific issue of whether agents, employees, officers and directors of a corporation may be held individually liable for the tort of malicious inducement of breach of an employment contract is one of first impression in Montana.

Phillips contends that the MEA and the individual defendants are in fact joint tortfeasors. He argues that the tort of malicious inducement of breach of contract is impugnible individually to the individual defendants who sought to, and took steps to see that the corporation did breach the employment contract. Phillips further contends that individual officers cannot, with impunity, commit torts

and be allowed to hide behind the corporate veil in order to escape accountability for those torts. The individual defendants contend that officers, directors and employees are the only persons who can act on behalf of a corporation; and that no director or officer would ever make a corporate decision involving the performance of a contract without fear of being sued for the tort of maliciously inducing the corporation to breach a corporate obligation. The individual defendants further contend that corporations simply could not function if the officers, directors and employees were to be exposed to individual liability on every occasion when the corporation failed to perform on a contract.

Given the intention to interfere with a contract, liability usually will turn upon the ultimate purpose or objective which the defendant is seeking to advance. Generally, an intentional interference with the existing contractual relations of another is prima facie sufficient for liability and the burden of proving that it is "justified" rests upon the defendant. The defendant may show that the interference is privileged by reason of the interests furthered by his conduct, but the burden rests upon him to do so. The question of privilege must be considered in the light of the means adopted and the relations between the parties. Prosser, supra, §129 at 942-43.

To determine whether interference with contractual relations is justified, public policy considerations must be examined. Justification or privilege constitutes the primary defense to an action for interference. Johnson v. Radde (1972), 293 Minn. 409, 196 N.W.2d 478; Estes, Expanding Horizons In The Law of Torts--Tortious Interference, 23 Drake L.Rev. 341, 358 (1974).

-6-

One public policy consideration is that the officers, directors, employees and agents of a corporation must be shielded from personal liability for acts taken on behalf of the corporation, including the breaching of contracts in furtherance of corporate goals, policies, and business interests. This corporate shield is needed in order to allow corporations to effectively function. A competing public policy consideration is that individual corporate agents, employees, directors and officers should not be allowed to commit torts at will, and then be allowed to hide behind the corporate veil in order to escape accountability for those torts.

Corporate officers or directors are privileged to interfere with or induce breach of the corporation's contracts or business relations with others as long as their actions are in good faith and for the best interests of the corporation. Wilson v. McClenny (1964), 262 N.C. 121, 136 S.E.2d 569; Allison v. American Airlines (N.D. Okla. 1953), 112 F.Supp. 37. Where an officer or director acts against the best interests of the corporation, acts for his own pecuniary benefit, or with the intent to harm the plaintiff, he is personally liable. Pennington Trap Rock Co. v. Pennington Quarry Co. (1944), 22 N.J.Misc. 318, 38 A.2d 869; A. S. Rampell, Inc. v. Hyster Company (1957), 3 N.Y.2d 369, 165 N.Y.S.2d 475, 144 N.E.2d 371; W. P. Iverson & Co. v. Dunham Manufacturing Co. (1958), 18 Ill.App.2d 542, 152 N.E.2d 615; Stell Manufacturing Corp. v. Century Industries, Inc. (1961), 15 App.Div.2d 87, 221 N.Y.S.2d 528.

In Wilson v. McClenny, supra, Wilson entered into a preincorporation agreement with several individuals who later became directors of a corporation called Gateway Life

Insurance Company. Under the agreement, Wilson became president of the corporation. Later, because of a drinking problem, Wilson was ousted as president during a directors' meeting. Wilson filed an action against the individual defendants for a breach of the preincorporation agreement and for tortious interference with his contractual rights with the corporation.

In Wilson, the court found that the acts of the directors were found to have been for the benefit of the corporation, that Wilson offered no evidence to the contrary, and that there were no individual or separate torts by the individual defendants distinguishable from their acts on the corporation's behalf. The court found that Wilson had failed to state a claim against the individual defendants.

We hold that the corporate veil should not be utilized as a protective devise by those who employ corporate power or authority to serve their own ends. Tort liability for the inducement of breach of contract should be imposed when a corporate agent, employee, officer or director induces a breach of contract for private benefit, or because of personal feelings and purposes relative to a third party. The privilege of limited liability should be applicable in those situations where actions are motivated and taken in the furtherance of corporate purposes, policies and interests.

In the instant case, the record discloses that Phillips wrote a memorandum to the MEA Board of Directors in reference to terminating the employment of certain employees. A board member and some of the employees discussed the Phillips memorandum, and then some of those individuals wrote a letter characterizing the function of the staff administration. They also requested a meeting with the Board of Direc-

tors, exclusive of Phillips.  The District Court concluded, and we agree, that the actions taken by the individual defendants were within the scope of their employment, designed without malice, and in the furtherance of corporate interests.

Phillips has failed to show that the actions taken by the individual defendants were not taken in furtherance of corporate purposes and interests.  Therefore, the privilege of limited liability applies in the instant case, and the individual defendants are shielded from personal liability.

The record shows the absence of any genuine issue of material fact; therefore, the order and judgment of the District Court granting the individual defendants' motion for summary judgment on count two, the tort cause of action for the malicious inducement of breach of contract is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

Mr. Justice Daniel J. Shea dissents and will file a written dissent later.

DISSENT OF MR. JUSTICE DANIEL J. SHEA

---------------------------------------------------

No. 14846

---------------------------------------------------

LARRY L. PHILLIPS,

Plaintiff and appellant,

vs.

THE MONTANA EDUCATION ASSOCIATION,
a non-profit corporation, et al.,

Defendants and respondents.

# FILED

MAY - 6 1980

*Thomas J. Kearney*

CLERK OF SUPREME COURT
STATE OF MONTANA

Mr. Justice Daniel J. Shea dissenting:

I would reverse the District Court's grant of summary judgment on the second count and remand for trial on the factual issue of whether the conduct of the corporate agents was motivated primarily by personal considerations.

There can be no question that the corporate veil should not be utilized as a protective device by those who employ corporate power or authority to serve their own ends. Tort liability for the inducement of breach of contract should be imposed when a corporate agent, employee, officer or director induces a breach of contract for private benefit, or because of personal feelings and purposes relative to a third party. The privilege of limited liability should be applicable only in those situations where actions are motivated and taken in the furtherance of corporate purposes and policies.

I cannot agree, however, with the majority's determination that the trial court properly granted the individual defendant's motion for summary judgment on the tort cause of action for the malicious inducement of breach of contract. In a case in which an officer, director, agent or employee's act is for some ulterior motive of his own, but happens to be consistent with corporate interests, the question of whether to impose personal liability should be based upon the dominant reason motivating the officer, director, agent or employee. Caverno v. Fellows (1938), 300 Mass. 331, 15 N.E.2d 483; Remy Beverages v. Myer (1945), 56 N.Y.S.2d 828, aff'd. (N.Y.App. 1945), 269 App.Div. 1027 1013, 59 N.Y.S.2d 371.

If the dominant reason motivating a corporate agent is the furtherance of corporate interests or policies, the corporate agent should be shielded from personal liability. On the other hand, if the dominant reason motivating a

-10-

corporate agent is one for personal interest, feelings or benefit, then he should be held individually liable. This is so even if the personal motive happens to be consistent with corporate interests or policies. The heart of the test of whether individual personal liability attaches is whether the acts taken by the corporate agent is in good faith. See Smith v. Great Basin Grain Co. (1977), 98 Idaho 266, 561 P.2d 1299.

The rationale and public policy considerations behind this approach is set forth in Avins, Liability For Inducing A Corporation To Breach Its Contract (1957), 43 Cornell L.Q. 55, 65:

> "Officers, directors, agents or employees who have an interest in the activities of a corporation or the duty to advise or direct such activities should be immune from liability for inducing the corporation to breach its contract, assuming their actions are in pursuit of such interests or duties. Public policy demands that so long as these parties act in good faith and for the best interests of their corporation, they should not be deterred by the danger of personal liability. Any other position would make the limited liability of a corporation somewhat meaningless.
>
> "On the other hand, the corporate veil should not stand as a means of protection for those who choose to employ corporate power to serve their own ends. Tort liability should be swiftly imposed whenever an officer, director, employee or stockholder induces a breach of contract for private benefit or to satisfy personal feelings against a third party. The limited liability of the corporate charter was granted for corporate purposes. Where such purposes no longer exist, there should be no limited liability."

The trial court concluded, and the majority agreed, that the actions taken by the individual defendants were within the scope of their employment, designed without malice, and in the furtherance of MEA corporate interests. The issue, however, as to whether the individual defendants acted in good faith or bad faith is a factual question which precludes summary judgment. See Nott v. Booke (1979),

-11-

___ Mont. ___, 598 P.2d 1137, 36 St.Rep. 1542.

The individual conduct of the defendants should be examined to determine the dominant reason which existed in motivating their conduct and actions. The plaintiff alleges in essence that the individual defendants named in the second amended complaint, acting for personal reasons, maliciously induced the MEA corporation to breach its employment contract with the plaintiff. A genuine issue of fact does exist in relation to the individual defendants' actions and motives relating to ultimately inducing corporate action terminating the plaintiff's employment contract.

It is clear therefore, that the order and judgment of the trial court in granting the individual defendants' motion for summary judgment on the second count, the tort cause of action for malicious inducement of breach of contract, should be reversed.

_____
Justice

-12-