MR. JUSTICE SHEA
dissenting:
*427 I would reverse the District Court’s grant of summary judgment on the second count and remand for trial on the factual issue of whether the conduct of the corporate agents was motivated primarily by personal considerations.
There can be no question that the corporate veil should not be utilized as a protective device by those who employ corporate power or authority to serve their own ends. Tort liability for the inducement of breach of contract should be imposed when a corporate agent, employee, officer or director induces a breach of contract for private benefit, or because of personal feelings and purposes relative to a third party. The privilege of limited liability should be applicable only in those situations where actions are motivated and taken in the furtherance of corporate purposes and policies.
I cannot agree, however, with the majority’s determination that the trial court properly granted the individual defendant’s motion for summary judgment on the tort cause of action for the malicious inducement of breach of contract. In a case in which an officer, director, agent or employee’s act is for some ulterior motive of his own, but happens to be consistent with corporate interests, the question of whether to impose personal liability should be based upon the dominant reason motivating the officer, director, agent or employee. Caverno v. Fellows (1938), 300 Mass. 331, 15 N.E.2d 483; Remy Beverages v. Myer (Sup. 1945), 56 N.Y.S.2d 828, aff’d. (N.Y.App.1945), 269 App.Div. 1013, 59 N.Y.S.2d 371.
If the dominant reason motivating a corporate agent is the furtherance of corporate interests or policies, the corporate agent should be shielded from personal liability. On the other hand, if the dominant reason motivating a corporate agent is one for personal interest, feelings or benefit, then he should be held individually liable. This is so even if the personal motive happens to be consistent with corporate interests or policies. The heart of the test of whether individual personal liability attaches is whether the acts taken by the corporate agent is in good faith. See Smith, v. Great Basin Grain Co. (1977), 98 Idaho 266, 561 P.2d 1299.
*428 The rationale and public policy considerations behind this approach is set forth in Avins, Liability For Inducing A Corporation To Breach Its Contract (1957), 43 Cornell L.Q. 55, 65;
“Officers, directors, agents or employees who have an interest in the activities of a corporation or the duty to advise or direct such activities should be immune from liability for inducing the corporation to breach its contract, assuming their actions are in pursuit of such interests or duties. Public policy demands that so long as these parties act in good faith and for the best interests of their corporation, they should not be deterred by the danger of personal liability. Any other position would make the limited liability of a corporation somewhat meaningless.
“On the other hand, the corporate veil should not stand as a means of protection for those who choose to employ corporate power to serve their own ends. Tort liability should be swiftly imposed whenever an officer, director, employee or stockholder induces a breach of contract for private benefit or to satisfy personal feelings against a third party. The limited liability of the corporate charter was granted for corporate purposes. Where such purposes no longer exist, there should be no limited liability.”
The trial court concluded, and the majority agreed, that the actions taken by the individual defendants were within the scope of their employment, designed without malice, and in the furtherance of MEA corporate interests. The issue, however, as to whether the individual defendants acted in good faith or bad faith is a factual question which precludes summary judgment. See Nott v. Booke (1979), 183 Mont. 260, 598 P.2d 1137.
The individual conduct of the defendants should be examined to determine the dominant reason which existed in motivating their conduct and actions. The plaintiff alleges in essence that the individual defendants named in the second amended complaint, acting for personal reasons, maliciously induced the MEA corporation to breach its employment contract with the plaintiff. A genuine issue of fact does exist in relation to the individual defendants’ actions *429 and motives relating to ultimately inducing corporate action terminating the plaintiffs employment contract.
It is clear therefore, that the order and judgment of the trial court in granting the individual defendants’ motion for summary judgment on the second count, the tort cause of action for malicious inducement of breach of contract, should be reversed.