No. 85-602

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

THOMAS LYTHGOE, CHUCK NOTBOHM,
GARY LYTHGOE and JEANNIE LYTHGOE,

       Plaintiffs and Appellants,

-vs-

FIRST SECURITY BANK OF HELENA,

       Defendant and Respondent.

---

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Peterson, Schofield & Leckie; V. Joe Leckie,
Billings, Montana

    For Respondent:

        Donald A. Garrity, Helena, Montana

---

          Submitted on Briefs: April 24, 1986

             Decided: June 19, 1986

Filed:   JUN 19 1986

                            Ethel M. Harrison
_____
                     Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Plaintiffs appeal the October 30, 1985, order of the First Judicial District Court dismissing their complaint because it was not prosecuted by the real party in interest as required by Rule 17(a), M.R.Civ.P. We affirm.

In December of 1982, defendant bank loaned $47,000 to Patrick and Joan Flaherty for the purpose of purchasing a restaurant in Helena, Montana, from plaintiffs Chuck and Betty Notbohm. Flahertys agreed to pay Notbohms $28,000 and assume a Small Business Administration loan of $62,000. Shortly thereafter, Tomas Lythgoe borrowed $15,000 from Gary and Jeannie Lythgoe, and invested those funds in the Flaherty's restaurant. Each of the Lythgoes are named plaintiffs in this action.

In August of 1983, defendant accelerated the note due from Flahertys. The restaurant closed in October 1983, and pursuant to terms of the note and the security agreement between defendant and Flahertys, defendant sold the assets of the restaurant. Following closure of the restaurant, Flahertys were without means to pay debts owed to Notbohms and Tomas Lythgoe.

Lythgoes and Notbohms filed suit against defendant alleging interference with the contracts between Flahertys and plaintiffs, breach of implied contract with plaintiffs, and breach of the duty of good faith and fair dealing. Flahertys were not named as plaintiffs in the action.

Defendant responded to the complaint with a motion to dismiss pursuant to Rule 17(a), M.R.Civ.P., which requires that every action shall be prosecuted in the name of the real party in interest. Defendants contended Flahertys were the

2

only party to the contract with defendant, and without Flahertys named as plaintiffs no action could be commenced. The District Court agreed Lythgoes and Notbohms were not the real parties in interest and by order dated October 30, 1985, granted defendant's motion to dismiss. Plaintiffs appeal and raise the following issue:

Does plaintiffs' complaint set forth a cause of action upon which relief may be granted?

First, we must determine whether Lythgoes and Notbohms can rely on the contractual relationship between Bank and Flahertys. To state a cause of action, plaintiffs must show they are the real party in interest. Lefebure et.al. v. Baker et.al (1923) 69 Mont. 193, 220 P. 1111. Rule 17(a), M.R.Civ.P. requires that "Every action shall be prosecuted in the name of the real party in interest." We agree with the District Court that plaintiffs in this action are not the real party in interest in so far as the Flaherty contract is concerned.

Plaintiffs' complaint alleges defendant breached an implied contract between defendant and plaintiffs. Plaintiffs cite a letter from a vice president of the defendant bank addressed to Tomas Lythgoe as evidence of an implied contract. The letter reads in part: "The collateral securing your loan has been sold leaving an unpaid balance of $24,399.38 plus interest. A definite arrangement must be made for the orderly settlement of this debt."

An implied contract is defined in § 28-2-103, MCA, as "one the existence and terms of which are manifested by conduct." The above letter reflects an attempt by defendant to collect a loan from Tomas Lythgoe; it does not establish the terms nor the existence of an implied contract between

3

defendant and Lythgoe. Plaintiffs offer no other evidence. We agree with the District Court that there is insufficient evidence to raise the issue of breach of implied contract.

The next issue is whether defendant interfered with plaintiffs' contract rights. Defendant accelerated the note due from Flahertys. Flahertys defaulted on the note, and defendant sold the assets of the restaurant. Subsequently, Flahertys were unable to pay the debts owed to plaintiffs. Plaintiffs allege defendant wrongfully accelerated the note due from Flahertys.

An essential element of an action for interference with contract rights is the intentional doing of a wrongful act without justification or excuse. Taylor v. Anaconda Federal Credit Union (1976), 170 Mont. 51, 550 P.2d 151. Plaintiffs have not alleged any facts supporting their allegation that defendant wrongfully accelerated Flahertys' note. A statement of legal conclusion without any supporting facts is insufficient as a claim for relief. Meinecke v. McFarland (1949) 122 Mont. 515, 206 P.2d 1012. We find plaintiffs' claim of interference with contract rights to be a mere conclusion of law and shows no entitlement to relief.

Finally, we find plaintiffs' claim of defendant's breach of the duty of good faith and fair dealing to be entirely without merit. The complaint contains no facts establishing defendant owed such a duty to plaintiffs.

The District Court was correct in dismissing the case. Affirmed.

Justice

4

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5