JUSTICE McDONOUGH
respectfully dissents.
In order for summary judgment to issue, the party moving for summary judgment has the burden of showing a complete absence of genuine issues as to all facts deemed material. All reasonable inferences that may be drawn from the offered proof are to be drawn in favor of the party opposing summary judgment. Cereck v. Albertson’s Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 511.
*379 The above last sentence is especially appropriate in this case. The question here involves more than whether there is a genuine issue of objective material facts. It involves the ultimate fact of intent and motive of Mr. Washington. When different ultimate inferences or determinations can be drawn from an admitted set of facts (as here), such determination is a question of fact for the jury.
Mr. Washington had proposed that the sale of the Butte Water Company be accomplished not by his putting up all of the $4 million to buy the stock, but by his putting up $2 million and the Butte Water Company borrowing $2 million. The ostensible purpose of the creation of the debt was that a utility could obtain more favorable rates from the Public Service Commission if the utility had a significant debt.
It can also be deduced that Mr. Washington, even though he personally guaranteed the loan, had to come up with less money to buy the Company at the time of closing.
Either on the day of closing or the day before, Mr. Washington overheard the heated telephone conversation between Mr. Tidball, an attorney for ARCO, and Mr. Mannix. Mr. Tidball was angry and called the plaintiff insubordinate. The plaintiff’s action in refusing to sign the note was an obstacle to the closing of the transaction. Mr. Washington wished to complete the sale.
The attitude of the plaintiff and ARCO’s problem with Mannix, was discussed by Mr. Washington and Mr. Parkinson while flying back to Montana. Shortly after returning to Montana, Mr. Parkinson had a meeting with Mr. Mannix and Mannix was discharged.
As stated in Phillips v. Montana Education Assoc. (1980), 187 Mont. 419, 425, 610 P.2d 154, 158, one reason a director of a corporation can be held personally liable for his alleged tortious acts is if such acts are done with the intent to harm the plaintiff.
The plaintiff asserts his termination was wrongful and Washington got rid of him in retaliation for his actions with ARCO in refusing to sign the note. Mr. Washington asserts there was no intent to harm the plaintiff and the plaintiff’s own statements led to his discharge.
For purposes of summary judgment, the issue for consideration is: whether on these facts, a reasonable inference can be made that Mr. Washington retaliated and intended to punish or harm the plaintiff for his actions in placing an obstacle in the path of the closing of the sale.
This essentially requires a determination of Mr. Washington’s *380 state of mind. When motivation is involved and credibility becomes of critical importance, or when essential facts are solely within the control of the moving party, summary judgment generally is inappropriate. Mazaleski v. Treusdell (D.C.Cir. 1977), 562 F.2d 701, 717; Poller v. Columbia Broadcasting System, Inc. (1962), 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458, 464; see also Egger v. Phillips (7th Cir. 1982), 669 F.2d 497. Here motivation is involved. Evidence from pertinent witnesses is oral and credibility is of critical importance. The essential facts are solely within the control of the defendant. All three of the criteria fit. A determination involving a party’s state of mind is seldom susceptible to direct proof, but must be inferred from circumstantial evidence. If improper motive can reasonably be inferred from the evidence, sworn denial does not entitle a defendant to summary judgment. Conrad v. Delta Airlines (7th Cir. 1974), 494 F.2d 914, 918. Egger v. Phillips, supra.
After drawing all reasonable inferences in favor of the plaintiff from the above admitted facts, a jury can reasonably infer that Mr. Washington’s motive was improper and he intended to harm the plaintiff. The motion for summary judgment should have been denied and the intent and motive of Mr. Washington should be an ultimate fact to be resolved by a jury.
I would reverse on this issue and direct the District Cotut to vacate its order of summary judgment.
JUSTICES HUNT and TRIEWEILER concur in the foregoing dissent of JUSTICE McDONOUGH.